UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN M. SANDFREY,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Case No. 04-cv-4264-JPG<br>Criminal Case No. 95-cr-40081-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner John M. Sandfrey's ("Sandfrey") motion for relief pursuant to 28 U.S.C. § § 2255 (Doc. 1). The government has responded to the motion (Doc. 8), and Sandfrey has replied to that response (Doc. 10).

**I.  Background**

On December 7, 1995, Sandfrey was indicted on one count of conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count 1), one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (count 2), one count of distribution of methamphetamine within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1) and 860 s (count 3), and one count of storing a stolen firearm in violation of 18 U.S.C. § 922(j) (count 4). On February 7, 1996, a superseding indictment was returned making no substantive changes to the charges against Sandfrey. Sandfrey pled guilty on all counts pursuant to a plea agreement on May 16, 1996, and on August 26, 1996, the Court sentenced him to serve 151 months on count 1, 60 months on count 2, and 120 months on counts 3 and 4, all to run concurrent with one another for a total sentence of 151 months. Because Sandfrey had cooperated with the government pursuant to his plea agreement, the government

requested, and the Court granted, a reduction in sentence of 50 months, leaving him with a 101 month sentence.

Sandfrey served his sentence and was released under the supervision of the Probation Office in March 2003.  He did not, however, learn his lesson about respecting the rules and did not comply with his conditions of supervised release.  On August 21, 2003, the Court held a non-compliance hearing, at which it found that Sandfrey had tested positive for drug use.  The Court warned Sandfrey at that time that if he tested positive again, it would revoke his supervised release and reinstate the 50-month reduction in sentence Sandfrey had received from his cooperation with the government.  Sandfrey assured the Court that he had a job and would stay "clean."

A mere two months later, on October 27, 2003, the government filed a petition to revoke Sandfrey's supervised release on five bases:  (1) testing positive for methamphetamine use, (2) obstructing justice, (3) failing to make payments toward his fine, (4) associating with a felon, and (5) failing to report for urine tests for drugs.  On December 5, 2003, the Court held a hearing at which Sandfrey admitted the violations alleged in the petition to revoke.  Based on Grade B violations and Sandfrey's criminal history of I, the Court then found the guideline range of 4 to 10 months, selecting a 10 month guideline sentence and departing upward to reimpose the 50 month that Sandfrey's sentence had been reduced earlier, for a total sentence of 60 months.

Sandfrey filed a timely notice of appeal of the revocation judgment.  While the case was on appeal, Sandfrey's attorney filed a motion to withdraw the appeal along with a document entitled "Acknowledgment of Attorneys Motion for Dismissal and Consent to Dismissal of Appeal"("Acknowledgement").  The Acknowledgment bears Sandfrey's signature and states:

I have been informed of my attorney's intention to move to dismiss my appeal.

> I concur in my attorney's decision and hereby waive all rights to object or raise any points on appeal.

Pursuant to this filing, the Court of Appeals dismissed Sandfrey's appeal of the revocation judgment on January 23, 2004.

On December 22, 2004, Sandfrey timely filed this § 2255 motion. In it, he alleges that his counsel during the revocation proceedings provided constitutionally ineffective assistance of counsel by failing to file a notice of appeal after he requested that she do so. He also argues that the Court's reimposition of the 50 months his sentence had been reduced "based upon factors not charged in the petition to revoke" violated his right to a jury trial, his due process rights and his right not to be placed in double jeopardy.

In response, the government notes that Sandfrey's counsel *did* file a notice of appeal as Sandfrey requested and presents evidence that Sandfrey approved the dismissal of the appeal in an effort to garner another sentence reduction under Federal Rule of Criminal Procedure 35. The government further argues that Sandfrey's revocation sentence was proper and that pursuit of the appeal to a decision would not have been successful.

In his reply, Sandfrey's argument shifts to one based on ignorance. There he argues that he was never aware that his attorney had filed a notice of appeal, that he did not decide to move to dismiss his appeal and that he was not aware of the content or the significance of the Acknowledgment when he signed it. In addition, he faults his attorney for failing to discuss with him any potential issues for appeal.

**II.     Analysis**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in

violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).

    A.    <u>Failure to File Notice of Appeal</u>

In his § 2255 motion, Sandfrey claims that his Sixth Amendment right to effective assistance of counsel was violated when his attorney failed to file a notice of appeal of the revocation judgment.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

An attorney's failure to file a notice of appeal when requested to do so falls below objective standards for reasonably effective representation and, in fact, is tantamount to no representation at all on appeal. In such circumstances, a petitioner is not required to show prejudice under the *Strickland* test. Such abandonment is a *per se* violation of the petitioner's Sixth Amendment right to counsel. *United States v. Nagib*, 56 F.3d 798, (7th Cir. 1995), *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994).

Sandfrey's claim that his attorney failed to file a notice of appeal when he requested that

she do so is patently meritless. The District Court and Court of Appeals records clearly reflect that she filed a timely notice of appeal of the revocation sentence on Sandfrey's behalf, and Sandfrey has presented no contrary evidence other than his own alleged ignorance of the filing. This is insufficient to establish deficient performance of counsel. For this reason, the Court rejects this argument as a basis for § 2255 relief.

To the extent that Sandfrey's motion could be construed to assert that his counsel was constitutionally ineffective for dismissing his appeal, that claim too has no merit. Sandfrey admits that his counsel informed him that in her opinion there were no issues for appeal. As discussed below, in the pending § 2255 motion, he has not pointed to any arguably meritorious issues on appeal to show that his counsel's advice was wrong. Counsel cannot be faulted because, in her judgment, there was nothing more to discuss with Sandfrey.

Furthermore, Sandfrey admits that he signed the Acknowledgment thinking it was a form stating he was not going to appeal. Although that is not what the form technically says, in substance it indicates that Sandfrey does not want to pursue an appeal. In essence, by Sandfrey's own admission he understood the upshot of signing the Acknowledgment – he would have no appeal. Sandfrey's self-serving implication now that he was somehow duped into dismissing his appeal is unsupported by any objective evidence, and will not support relief under § 2255.

      B.    <u>Failure to Pursue Sentencing Argument on Appeal</u>

To the extent that Sandfrey's § 2255 motion may be construed to assert that Sandfrey's counsel on appeal was ineffective for not pursuing sentencing issues on appeal, that claim also must fail. Sandfrey implies that his counsel should have argued that the upward departure of 50 months was improper because the Court did not consider his guideline range or the factors in 18 U.S.C. § 3553(a), did not explain why it was departing upward, and imposed the sentence for

5

purely "technical violations" of the conditions of his supervised release.  Therefore, he argues, he had a good chance of convincing the Court of Appeals that his sentence was plainly unreasonable.

Sandfrey's argument for § 2255 relief has no merit.  It is true that counsel can be ineffective for failing to pursue meritorious issues on appeal.  However, counsel is not deficient for failing to make a frivolous argument.  *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001);  *see Fuller v. United States*, 398 F.3d 644, 652 (7th Cir.), *cert. denied*, 126 S. Ct. 238 (2005).

In this case, Sandfrey's arguments regarding his sentence are frivolous.  A sentence imposed when revoking a term of supervised release will only be reversed if it is "plainly unreasonable."  *United States v. Doss*, 79 F.3d 76, 79 (7th Cir. 1996).  Sandfrey's sentence was unquestionably reasonable.  The record reflects that Sandfrey was charged with Grade B (methamphetamine use and obstruction of justice) and Grade C (non-payment of fine, associating with a felon and failing to report for drug tests) violations.  *See* U.S.S.G. § 7B1.1(a)(2) & (3).  He admitted to those violations at the revocation hearing, which is sufficient to establish them by a preponderance of the evidence for revocation purposes.  The Court considered his criminal history category of I and found his sentencing range to be 4 to 10 months under U.S.S.G. § 7B1.4(a).  The Court was not bound by the guideline range; the "guidelines" for revocation sentences are and have always been advisory policy statements entitled to great weight but not binding.  *Doss*, 79 F.3d at 78;  U.S.S.G. Ch. 7, Pt. A.3(a).  Nevertheless, the Court selected the maximum advisory term – 10 months – and departed upward in a measure equal to the benefit Sandfrey had received as a reduction from his original sentence – 50 months.  The Court had warned Sandfrey a few months earlier that it would do this, and it again explained to

Sandfrey at the revocation hearing why it was departing upward.  The Court explained that it was giving Sandfrey the enhanced sentence because he was a con artist, needed a longer sentence to teach him a lesson and to prevent him from "doing life imprisonment on the installment plan," and needed the intensive drug rehabilitation program available with the longer sentence.  Furthermore, this was perfectly permissible under Application Note 4 to U.S.S.G. § 7B1.4, which states that where the defendant received a reduction of his original sentence an upward departure may be warranted.  Finally, the ultimate revocation sentence – 60 months – did not exceed the five-year statutory maximum sentence permitted in light of the fact that Sandfrey's original conviction was for a class A felony and did not exceed the original term of his supervised release.  *See* 18 U.S.C. § 3583(e)(3);  *Johnson v. United States*, 529 U.S. 694,705-07 (2000).

In sum, Sandfrey's sentence was in accordance with the law and was imminently reasonable.  His counsel was therefore not deficient for failing to challenge it on appeal, and Sandfrey suffered no prejudice from this failure.

### III.   Conclusion

For the foregoing reasons, the Court **DENIES** Sandfrey's § 2255 motion (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  December 21, 2006**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**